UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVON SUMMERS,<br>Plaintiff,<br>v.<br>PFEIFFER, *et al.*,<br>Defendants. | Case No. 1:21-cv-01166-KES-FJS (PC)<br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL<br>(ECF No. 24) |

Plaintiff Travon Summers ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Rodriguez and Anderson ("Defendants") for unconstitutional conditions of confinement in violation of the Eighth Amendment for failing to address the dirty standing water in Plaintiff's cell.

On April 24, 2026, the court set this matter for a video settlement conference before Magistrate Judge Stanley A. Boone on August 11, 2026, at 1:30 p.m. (ECF No. 22.) The action is stayed pending the outcome of the settlement conference. (*Id.*)

Currently before the court is Plaintiff's motion to appoint counsel, filed August 3, 2026. (ECF No. 24.) Plaintiff states that he is unable to afford counsel and his imprisonment will greatly limit his ability to litigate. Plaintiff further argues that the issues involved in this case are complex and will require significant research and investigation, but Plaintiff has limited access to the law

library and limited knowledge of the law. Finally, a trial in this case will likely involve conflicting testimony and counsel would better enable Plaintiff to present evidence and cross examine witnesses. (*Id.*)

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, however, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The court has considered Plaintiff's request but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations that, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases filed almost daily by prisoners who must also conduct legal research and draft pleadings without the assistance of counsel and with limited access to the law library.

Furthermore, at this stage in the proceedings, the court cannot determine whether Plaintiff is likely to succeed on the merits. Although the court screened the complaint and found that it stated cognizable claims, this does not necessarily mean Plaintiff's claims are likely to succeed on the merits. The action may also be resolved in full at the upcoming settlement conference. Finally, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion for appointment of counsel (ECF No. 24) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **August 4, 2026**

UNITED STATES MAGISTRATE JUDGE